Henry *v.* The Confidence Gold and Silver Mining Company.

| 1 | 619 |
| 2 | 265 |
| 2 | 303 |
| 9 | 208 |
| 14 | 233 |

## S. T. HENRY, RESPONDENT, *v.* THE CONFIDENCE GOLD AND SILVER MINING COMPANY, APPELLANTS.

When a debt secured by mortgage is barred by the statute of limitations, the mortgage is not thereby extinguished.

Even when all action or legal proceeding on the mortgage is barred, still if the mortgagee gets rightful possession of the premises mortgaged, he may retain the same until his debt is paid.

The statute of limitations provides a limitation of six months to the maintenance of an action on contracts for the payment of money made out of this State. But the same statute would only bar an action to foreclose a mortgage executed on property within this State to secure such debt after the lapse of four years.

Query: Can a party come into a Court of equity and ask that Court for relief to which, by his own showing, he is equitably entitled only upon the performance of certain acts, and admit these acts have not been performed, but aver in excuse that lapse of time and the statute of limitations has excused the performance thereof.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Storey County, Hon. R. S. MESICK presiding.

*Hillyer & Whitman,* for Appellants, cited the case of *Sparks & Kelsey* v. *Pico,* 1 McAllister, page 497, for the proposition that the equitable remedy on the mortgage was not extinguished by the statute which barred the debt.

*Williams & Bixler*, cited for Respondents the case of *Lord* v. *Morris*, 18 Cal. 484, and also the affirmation of that case in several California cases of later date, as follows : 21 Cal. 493 ; 23 Cal. 143, and *Lent* v. *Grogan*, not yet reported.

Opinion by BEATTY, J., full Bench concurring.

In August, 1862, Irwin, J. B. Henry and others, at the City of Nevada, State of California, executed two promissory notes, each payable twelve months after date, to T. W. Sigourney and A D. Tower, and to secure the payment of said note, Irwin, one of the makers, on the same day executed his mortgage on certain mining ground in Storey County, Nevada, which was shortly after duly recorded.

In July, 1863, Irwin made a deed of the same mining ground to the defendant, a mining corporation, upon condition that they would issue stock to him, or his assignees, for the ground thus conveyed.

Subsequently he transferred his right to the stock to the present defendant, S. T. Henry. Henry demanded the stock from the corporation, and the proper officers thereof refused to issue it to him, on the ground that the mortgage is still outstanding. His reply to that objection is that the debt is barred by the statute of limitation. That he is entitled to the stock just as he would be if the debt was paid or otherwise extinguished. The only point made in the argument by counsel is whether the statute of limitation completely bars all remedy for the collection of this debt. Section 16 of an Act of the Territorial Legislature, approved in November, 1861, provides among other things as follows :

"Actions other than those for the recovery of real property can only be commenced as follows : *   *   *   *   Within four years an action upon any contract, obligation or liability founded upon an instrument of writing, except those mentioned in the preceding section."

Section 34 of the same Act, as amended in December, 1862, reads as follows :

"An action upon any judgment, contract, obligation or liability, for the payment of money or damages, obtained, exe-

cuted or made out of this Territory, can only be commenced within six months from the time the cause of action shall accrue."

We are referred to the decision of the California Supreme Court in the case of *Lord* v. *Morris et al.*, 18 Cal. 484, to sustain the proposition that the debt being barred by the statute of limitation, the mortgage is in effect extinguished. On the other hand we are referred to a decision of the Circuit Court of the United States for the Northern District of California (*Sparks & Kelsey* v. *Pico*, 1 McAllister, page 497), as establishing a contrary doctrine. It is claimed that this latter decision is sustained both by reason and authority.

Chief Justice Field, in his decision, expressing the views of the Supreme Court of California, puts the case on one distinct ground, and rather intimates that he would arrive at the same conclusion upon another and different ground. The first is that the statute of California limits equity suits in the same manner that it limits actions at law. And if there is an express statutory limitation to the time within which bills of foreclosure may be filed, and that time has expired, then no such bill can thereafter be maintained.

We think he clearly shows that in all those cases where Courts of equity have entertained bills to foreclose mortgages after the debt was barred by the statute of limitation, it has been in England or in States where there is no express statutory limitation of suits in equity. Such decisions could not be held as authority for disregarding the express letter of the California statute. We are of opinion then, that so far as this branch of the case goes, the Supreme Court of California was right, and the Circuit Court was in error in the views expressed in *Sparks & Kelsey* v. *Pico*. But the Supreme Court of California have gone further, and intimated, perhaps, or at least it is claimed that the effect of their decision is that the mortgage is a mere incident to the debt, and when the debt is barred by the statute of limitation that the mortgage is, if not absolutely extinguished, at least rendered unavailable for any purpose. To such a doctrine we are not ready to assent. An action upon the note may be barred by one clause of the statute and a proceeding to foreclose the mortgage by another,

A very slight examination of the authorities we think will convince any one that after an action at law upon the debt is barred, the mortgage may still have an existence for some purposes. At an early day it was held in England that when the debt was barred by the statute of limitation, it was extinguished. But afterwards it was held that the statute of limitation did not destroy the debt but only took away the remedy. In the authorities cited in 1 McAllister (p. 497), it seems to be well settled by modern decisions that if goods are delivered to a creditor as security for debt they remain rightfully in his hands after the debt is barred by the statute. So, too, if land is mortgaged to secure the payment of a promissory note after the note is barred, or rather after an action at law on the note is barred by the statute of limitation, the party may maintain his action of ejectment for the land mortgaged, or file his bill in equity. (See the authorities collated in 1 McAllister above cited.)

And in New York, where they have a statute similar to that of California and of this State, confining the remedy of the mortgagee to foreclosure and sale, and denying him the right to bring ejectment, still if he gets possession of the land mortgaged, rightfully without fraud or force, he may maintain that possession against the mortgagor or those claiming under him. (See *Van Duyne* v. *Thayer*, 14 Wend. 233, and *Phyfe* v. *Riley*, 15 Wend. 248.) And doubtless on the same principle that the party who holds goods in pledge for a debt may retain those goods even after an action at law upon such debt has been barred, the party who has got rightful possession of land mortgaged may retain possession thereof until his debt is paid, although he can bring no action to enforce the debt.

By the terms of the 34th section of the Act limiting the time for bringing actions on contracts for the payment of money made out of the State, an action against the makers of the promissory note mentioned in the complaint was barred before the commencement of this suit. But a mortgage in the usual form is not an obligation to pay money. It is usually a conveyance of certain property as a security for the payment of a certain debt. But the debt secured may be due from a party totally different from the one who executes

Henry v. The Confidence Gold and Silver Mining Company.

the mortgage. A may contract to pay B a certain debt, C may mortgage property as a security for the performance of A's contract. In this very case there are four parties who contract the debt, only one of the four executes the mortgage. The mortgage, then, if in the usual form, is not a contract on the part of Irwin to pay money, but a deed given by Irwin as a security that himself and the others will pay money. We think whilst an action on the note would be barred by the 34th section, a bill to foreclose the mortgage would not be barred until four years had elapsed since the cause of action arose thereon. In such foreclosure, perhaps, the plaintiff would be confined to a decree of sale, and there might be no authority for a judgment for any surplus not paid by the proceeds of the sale.

This renders it unnecessary to determine another point which suggested itself to our mind. Could the plaintiff come into a Court of equity and ask such affirmative relief as the plaintiff asks here whilst acknowledging that the debt for which the property was pledged remains unpaid. The statute of limitation is a statute of repose, a statute to protect defendants, not to afford new causes of action to plaintiffs. But it is not necessary to discuss this point. Our views expressed on the other branches of the case must determine the controversy.

Judgment is reversed and set aside, and the Court below will make such order in the case as may be proper and in accordance with the views expressed in this opinion.