## NIAGARA FIRE INSURANCE COMPANY VS. WHITTAKER.

*Principal and agent: written contract: termination.—Contract in duplicate, ea signed by one party: evidence of execution and contents.*

1. A contract by which plaintiff employed defendant as its agent, provided that i should continue in force five years "unless sooner determined." *Held*, that it could not be sooner determined by either party without liability to damages.
2. Where defendant set up in his answer a contract between himself and the plain iff, alleged to have been executed in duplicate, each exemplar by one of th parties only, and offered in evidence the one executed by plaintiff, with oral proof of the execution and contents of the other: *Held*, that the evidence wa admissible without proof of any other notice to plaintiff to produce his exemplar.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for a balance of $2017, alleged to have been collected by the defendant as a general agent for the plaintiff, and wrongfully converted by him. The complaint avers that defendant's agency terminated on the 22d of December, 1863. The answer denies this averment, and alleges that on the 18th of December, 1860, plaintiff and defendant entered into a written agreement, of which one exemplar (a copy of which is set forth in the answer) was executed by the president of the plaintiff company, to defendant, and a duplicate was executed by defendant to plaintiff. This instrument provides that defendant shall be paid five per cent. commission on the gross premiums from all the insurance business passing through his

hands as agent of the plaintiff, with certain exceptions; and also that the agreement shall "continue in force five years from the 1st of January next" after its date, "unless sooner determined." The answer further sets up counter-claims to the amount of $7500, as damages for violations by plaintiff of said agreement. Reply, in denial of the counter-claims.—On the trial, after plaintiff had rested, the defendant, in his own behalf, testified to the execution to him of the instrument set out in the answer; and, the same having been read in evidence, he offered to show the facts alleged by way of counter-claim; but the evidence was rejected, on the ground that the alleged contract was void for want of mutuality. The defendant then offered to prove by parol that the contract was drawn in duplicate, and that one exemplar was executed by him to plaintiff as alleged in his answer, and also to show his damages by reason of the non-fulfillment of said contract on plaintiff's part; but the evidence was rejected.

Verdict and judgment for the plaintiff for $2175; and defendant appealed.

*Chas. G. Williams*, for appellant.

*Conger & Hawes*, for respondent. [No brief on file.]

DOWNER, J. The circuit court erred in refusing parol evidence of the duplicate of the contract alleged in the answer to have been signed by the defendant and delivered to the plaintiff. It was not necessary to give any notice, other than that given by the answer, to the plaintiff to produce that duplicate, in order to entitle the defendant to give parol evidence of its execution and contents. *Hammond v. Holbrook*, 13 Wend., 505; *Hardin v. Kretsinger*, 17 Johns., 293; Cowen & Hill's Notes to Phil. Ev., Part 2, 427, note 235. If the duplicates (duplicates in all respects except the signature), one signed by the defendant, the other by the plaintiff, had been in evidence, a valid contract between the parties would have been proved.

Nor do we think it could have been terminated before the expiration of the five years, at the pleasure of either party, without liability to pay damages to the other.

*By the Court.*—The judgment is reversed, and a *venire de novo* awarded.