Mr. Justice Westcott
delivered the opinion of the court.
On the 29th of October, A. D., 1878, John Browne filed his bill in the Circuit Court of the State of Florida for the Fifth 'Judicial Circuit in the County of Alachua, against Adaline Brown, Louis A. Barnes and Sarah R. Barns, his wife, Thomas H. Barnes and Louisa J. Barnes, his wife, and Elizabeth G. Goldsmith, heir at law and administra-trix of Jeremiah Goldsmith, deceased, seeking to foreclose a mortgage upon real estate therein mentioned, executed on the 20th of April, A. D., 1867, by Leonard L. Browne, Adaline Browne, Louis A. Barnes, Susan J. Park, John *161 H. Park and Jeremiah Goldsmith, to secure a note in language as follows:
$2,500. Gainesville, Fla., February 4,1867.
Eighteen months after date we promise to pay John Browne, or order, two thousand five hundred dollars, with interest at 7 3-10 per centum, value received.
Leonard L. Browne,
John H. Park,
Jeremiah Goldsmith,
Louis A. Barns.
There was demurrer to the bill on the ground that neither the original mortgage, nor a certified copy thereof, formed a part of the bill of complaint. The demurrer was sustained with leave to plaintiff to amend. The amendment made was the filing of a certificate by one of plaintiff’s attorneys, that the mortgage attached to the bill was a copy of the original mortgage. This amendment was stricken out, and the original mortgage was thereupon, by leave of the court, filed and attached to the bill.
The ruling of the chancellor upon the demurrer is the first error sasigned. The plaintiff having amended his bill after this ruling upon the demurrer, cannot be heard here to question its correctness. The striking out the certificate of plaintiff’s attorney was proper. The law contemplates a copy of the mortgage, certified by the officer authorized by law to make a certificate of the character named. A certificate of an attorney is not contemplated by the statute. This disposes of the first and second grounds of appeal as stated in the petition of appeal.
The third ground stated is because the chancellor erred in his order of September 17, 1879, in denying complainant’s motion for a decree pro confesso. There is no such motion in the record.
The remaining grounds of appeal, as stated, are based upon the rulings of the chancellor, pronouncing the following pleas good:
First. That the promissory note mentioned, set out, and sued iipon in the complainant’s bill of complaint for the sum of two thousand five hundred dollars, which bears date the fourth day of February, A. L., 1867, and is attached to complainant’s said bill as a part thereof, and is referred to therein as exhibit A, and which is the foundation of the complainant’s bill herein, for the collection of which the said bill has been exhibited against these defendants, did not 'accrue within five years next before the filing and exhibiting of the said complainant’s said bill against these defendants, and that the said complainant is estopped and barred by the statute of limitations of the State of Florida fro mfurther claiming or collecting the said promissory note sued upon in the bill herein, or any part thereof.
Second. And the said defendants, &c., say that the said promissory note sued upon in the bill herein is not their act and deed; and that they, nor either of them, have ever undertaken and promised in manner and form as is alleged; and that they, nor either of them, have ever been in any way bound or obliged to pay^said note, or-any part thereof, all which matters and things, &c.
Treating the first plea as it has been treated in argument, that is, as setting up a limitation of five years as a bar to this suit, the question here presented is whether in this State five years is a bar to a suit in equity to subject to sale real estate mortgaged to secure the payment of a sum due, as shown by a promissory note named in the mortgage Our statute provides that a civil action upon any contract, obligation or liability, founded upon an instrument of writing under seal, shall be commenced within twenty years after the cause of action shall have accrued; and that a like action upon any contract, obligation or liability, founded upon an instrument of writing not under seal, shall be commenced within five years after the cause of action shall have accrued.
It Is thus apparent that if this is an action upon a contract, obligation or liability, founded upon an instrument of writing under seal, within the meaning of the statute, this is not a good plea.
The question here, therefore, is: Is a suit in equity upon a mortgage of real estate to subject the mortgaged property to sale, and to apply the proceeds to the extinguishment of the mortgage debt, such a civil action? In considering this question it must be remembered that this statute of limitations was passed when the code of practice was in force, under which the term civil action embraced both actions at law and suits in equity.
There are convicting decisions upon many of the very interesting questions in reference to mortgages which have been alluded to in argument at bar; but as to this precise question, which is really the only question in the cause, we find no conflict in the views of the courts.
An action of similar character to this is found in 29 Barb., 285. In 'that case the Supreme Court of New York, in speaking of the nature of the action, say: “If this is substantially an action upon the note, then it is barred; for it is an action upon simple contract, and must be brought within six years. (Code, §90.) And the plaintiff in such case fails, not because the debt is in fact shown to be paid, but because the law forbids the action. The remedy is taken away. But this is not in terms or effect an action upon the note, *1( * * and I think here a distinction may be drawn between an action upon the note for the purpose of enforcing a personal liability and an action upon the mortgage for the purpose of enforcing the lien upon the real estate.”
The Court of Appeals of New York, (15 N. Y., 510,) speaking of the character of an action similar to this, says: “The action to foreclose a mortgage is brought upon an instrument under seal, which acknowledges the existence of the debt to secure which the mortgage is given; and, by reason of the seal, the debt is not presumed to have been paid until the expiration of twenty years after it becomes due and payable. The six years’ limitation has no application to a mortgage. In fact, all instruments under seal are expressly excepted therefrom.”
These views of the courts of New York are very important and of great weight in determining the nature of this suit when the statute of limitations of that State is examined and considered with reference to our own statute. There was a limitation of six years to all “actions of debt founded upon any contract, obligation or liability not under seal,” and a like limitation to all actions of account or as-sumpsit founded on any contract or liability express, or implied. (2 R. S., 244.) These limitations, it will be seen, are held to be inapplicable to a suit to subject mortgaged property to sale. It will also be seen that a suit of this character is held to be embraced within that section of the ‘statute which reads as follows: “After the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment; but such presumption may be repelled by proof of payment of some part, or by proof of a written acknowledgment of such right of action within that period.”
If an action upon a mortgage is an action upon a sealed instrument for the payment of money, within the meaning of this section of the statute in New York, it is as clear as any proposition can be that an action upon a mortgage in Florida is an action upon a contract, founded upon an instrument of writing under seal. In speaking of the nature of an action upon a mortgage as distinguished from an action on the note which the mortgage was given to secure, Warner, J., speaking for the Supreme Court of Georgia, *162 (8 Ga., 326,) says: “Because the remedy on the note is barred by the statute in six years, it does not follow that the creditor’s remedy on the mortgage, being a sealed -instrument, is also barred. The creditor’s remedy on the mortgage is not barred until twenty years.” The Supreme Court of Wisconsin, in speaking of the same subject, (21 Wis., 329,) says: “The action to foreclose is upon an instrument under seal, which acknowledges the debt, the payment of which it is given to secure. And it being thus under seal, the equitable remedy upon it is not lost, although an action upon the note may be barred.”
It is thus seen that this case is embraced with a very narrow compass. Is the remedy upon the mortgage a sealed instrument by which a sale of the land, no matter in whose possession it may be, is had, a distinct and different thing from the remedy upon the note by which a general judgment against the maker thereof alone is had? Is the act of resorting to a court of equity to sell the mortgaged premises .. 1 action upon a contract, founded upon an instrument of writing under seal ? These are the questions to be determined. It seems to me to be perfectly clear that there is a marked difference between an aetion for the sale of the land on the one hand, and an action for a general judgment on the other; and it is also very plain that the action upon the mortgage is upon a contract founded upon an instrument under seal. The action upon the note is a personal action, sounding in damages only. The action upon the mortgage is a proceeding to' subject the subject-matter of the mortgage contract, the land, to sale. They are proceedings governed by different rules. They reach different ends. True, the consideration for each may be the same, but because the debt may be evidenced as well by the note as by the mortgage does not make the one identical with the other. Being similar in so far as they each constitute evidence of the debt, does not necessarily make them alike in other respects.
Our view is that, in -this State, the letter of the statute covers the case; that a limitation by it, applicable to this suit, is found in the letter of the law; that there is no room for argument based upon the views expressed by courts acting by analogy to limitations at law, or upon presumptions of payment by lapse of time, or upo'n the theory that a mortgage is an incident of the note, and when the remedy upon the note is barred the remedy upon the mortgage, its incident, is gone, or upon other rules established by courts based 'upon a legislative enactment or policy different from that announced in this statute.
In this connection our attention has been called to the . statute (chap. 525, laws,) of this State entitled “An act to amend the laws now in force in relation to mortgages,” approved January 8th, 1853.
The effect of this statute is not to take away any remedy in equity. It takes away the legal right of possession from the mortgagee and places it in the mortgagor, but as held in Gamble vs. Pasco, 15 Fla., 562, the possession of the mortgagor is subject to be controlled in a court of equity when he is guilty of acts inconsistent with such possession. That case in no degree limits the equitable rights or remedies of the mortgagee. On the contrary, the equitable right of the mortgage under certain circumstances to have a receiver of the mortgaged property, notwithstanding the fact that at law the statute takes away all legal right of the mortgagee to his ejectment, or other action at law by which he can obtain possession, is sustained. So far as the remedy by suit in equity for the sale of the mortgaged land is concerned, the statute provides expressly that mortgages shall be held subject to the same rules of foreclosure, to the same regulations, restrictions, restraints and forms, as “now are, or hereafter may be prescribed by law in relation to mortgages.”
There is in this State no method either at law or in equity by which a mortgagee can be adjudged absolute owner of. the mortgaged property.; in other words, we have no strict foreclosure. His equitable remedy here is a sale of the property to pay his debt, and his rights at law are confined to actions personal upon the debt and the summary remedy under the act to regulate the foreclosure of mortgages by the courts of common law. This last proceeding has been called “an anomalous one for which neither the courts of common law nor equity furnish a precedent.” It has been held, however, that after a judgment in a common law suit upon the debt, he cannot obtain another judgment under the statute, and a judgment under this statute is called “a judgment at law,” (2 Fla., 184,) and in Georgia, as to a similar statute it has been held that although the remedy upon the note in. a simple action at law may be barred, this special remedy “on the mortgage, being a sealed instrument,” is not barred. 8 Ga., 325.
If the expiration of the time limited at law as the period within which an ejectment might be brought would in equity have created a presumption of payment of the mortgage debt, anterior to this statute, a question never passed upon in this State, then upon the abolition of the right at law, in analogy to which the court of equity created this presumption, it seems to me as a matter of course that the presumption so far as it was based upon the existence of the rule at law, must pass away with it.
In the absence of the provision of the statute fixing a limitation to this suit, and of the section of the statute (12) limiting all actions for relief not expressly provided for in the other sections, (for we think this section (12) would otherwise embrace this action, 24 How., 285,) then there would be either no rule of limitation in analogy to. which a court of equity would act .or the rule would be the limitation upon the note. We do not think, however, that that rule would be adopted as an absolute bar, (these not being cases of concurrent jurisdiction,) to the equitable remedy upon the erroneous idea sometimes announced that the limitation of the remedy destroys the debt, but that the expiration of the time would simply create a presumption of payment, that presumption being of matter of fact liable to be overthrown by proper evidence. In cases of concurrent jurisdiction, where the statute bars the remedy at law, there a court of equity, acting not by analogy, but in obedience to the statute, makes the limitation a bar to the equitable remedy equally as effective and extensive as the statute bars the remedy at law, but in cases other than those of concurrent jurisdiction, such as actions of ejectment, writs of right and real or possessory actions, and actions upon the note, and a suit in equity to subject the land to sale, where the jurisdiction is not concurrent, the statutory limitation is adopted by analogy, the court of equity conforming itself to the public policy, evidenced luy the statute, and adopting that period as the time in which payment and satisfaction is presumed.
This distinction in the’’ matter of jurisdiction is well illustrated by the case in the Supreme Court of the United States, city by respondents here, as the basis of their argument, (12 Peters, 56,) and the case of Cleveland Insurance Company vs. Reed et al., 24 How., 287. The case in 12 Peters was a case of concurrent.jurisdiction. It was a bill in equity seeking partial relief against a bill of exchange, and judgment thereon asking an injunction to restrain the collection of an alleged excess which entered into the judgment through mistake. The Supreme Court of the United States as to this case say: “The courts of law and equity have concurrent jurisdiction, and the complainants having elected to resort to equity, which they had the right *163 to do,, were as subject to be barred by the statute in the one court as in the other. In such cases the courts of equity act in obedience to the statutes of limitation, from which they are no more exempt than the courts of law.” Here all the rights claimed arose out of the bill of exchange and the relief asked concerned the damages occasioned by its non-payment. The case in 24 Howard, 284, was the case of a bill to enforce a lien secured by mortgage, in effect, so far as this question is concerned, precisely this case. It arose in the District Court of the United States for the District of "Wisconsin. Under the statutes of that State it is provided that where there are concurrent remedies at law and in equity, the remedy in equity is barred in the same time that the remedy at law is barred. It is further provided that "bills for the relief in cases of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue and not after that timé.” The court held, upon bill filed for a foreclosure or sale of mortgaged property, that there was no corresponding remedy at law, and the bar of ten years was applied. There being no remedy at law corresponding to a suit in equity to sell the mortgaged land, the case of a bill in equity looking to that end does not present a case of concurrent jurisdiction, when viewed in reference to the action at law sounding in damages alone, and resulting in a general judgment. See 13 Wis., 274.
The Supreme Court of the United States, in the case of Hughes vs. Edwards, 9 Wheat., 498, speaking of the rule in a State where there was no express limitation barring the right to foreclose a mortgage, says: "In respect to the mortgagee who is seeking to foreclose the equity of redemption, the general rule is, that where the mortgagor has been permitted to retain possession, the mortgage will, after a length of time, be presumed to have been discharged by payment of the money or a release, unless circumstances can be shown sufficiently strong to repel the presumption.” This view is entirely inconsistent with the idea that a bill to sell mortgaged land presents a case of concurrent jurisdiction to an action at law* upon the note, and it must be apparent that the case in 12 Peters, 56, has no application here. Cases of concurrent jurisdiction are found stated in Story’s Eq. Pld’g, §751, and the distinction is well stated in 1 Story’s Eq., §529, where it is said, in cases where the demand is strictly of a legal nature, or might be cognizable at law, courts of equity govern themselves by the same limitations as to entertaining Süch suits as are prescribed by the statute of limitations in courts of common law. But when the demand is not of a legal nature* but is purely equitable, or where the bar of the statute is inapplicable, courts of equity have another rule, founded sometimes upon, the analogies of the law where such analogy exists, and sometimes upon its own inherent doctrine, not to entertain stale or antiquated demands. See also 2 Jones on Mortgages, 1192. I
Our attention has been called to that class of decisions which limit the suit in equity by analogy to the limitation at law to actions for the recovery of real property. 8 Met., 87; 3 Mrld., 55; 3 John. Chy., 135; 19 Vmt., 526; 21 Ark., 385; 32 Miss., 226; 37 Miss., 585.
This plea, it will be observed, does not set up seven years, which is the limitation applicable to an action for the "recovery of real property” in this State. Whether, therefore, an action of ejectment or a legal right to possession exists in the mortgage, under, the statute, at any time, is not herein necessarily involved; and the'cases in which courts of equity limit the operation of the equitable remedy by analogy to the limitation to the legal remedy for "recovery of real property,” are not strictly applicable to this plea.
It is to be remarked, however, that these cases, upon a strict, careful analysis of the principles involved, afford no authority for the view that the equitable remedy is' limited by analogy to the limitation existing at law to an action upon the contract naming the amount secured by the mortgage as contradistinguished from, and independent of, the contract em.braced in the mortgage. On the contrary, it must be admitted that the legal right to possession, the limitation to the remedy for the enforcement of which the court of equity adopts in such cases by analogy, arises out of, and independent of, the contract constituting the primary evidence of the debt in all cases where that contract is not embraced in the mortgage; and that it does not arise from the mortgage itself as contradistinguished from the note or bond which constitutes the primary evidence of the amount of the debt and the obligation of the parties.
Certainly the right of possession, resulting from a mortgage contract, does not come from the amount contracted to be paid by the promissory note which it is given to secure, or from the note.
These cases are, therefore, in principle authority for the proposition that the limitation for the equitable remedy of sale is not the limitation to the remedy for the recovery of the money contracted to be paid independent of the mortgage; for the limitation thus established by analogy is a limitation to the remedy for the recovery of the possession, the right to which enured under the mortgage, and not from the contract to pay the money.
Again, if the doctrine of these cases is correct, and this limitation to the remedy for the recovery of possession, is the only nde controlling, then it follows in this State, where the mortgagee has no right to possession as to which a limitation to a remedy for the recovery of which can exist, that there is no limitation, and we are left, as a court of equity, to be controlled only by some other rule.
Again, 'these cases in principle are authorities against the view that the equitable remedy to foreclose a mortgage is barred because it is an incident of the debt in the sense that when the debt is not recoverable at law payment in equity is not to be enforced, for they hold that the limitation arises from no such incidental relation, and involve a clear distinction between the debt and the remedy to enforce the debt outside of the mortgage, permitting the remedy at law upon the contract outside of the mortgage to be inoperative, because limited by lapse of time, and yet authorizing a remedy by foreclosure and sale under the mortgage.
Our attention has been called also to that class of cases "holding in specific terms that the statutory period for the recovery on the note having expired, there can be no foreclosure of the mortgage.” 12 Texas, 427; 22 Ib., 561; 18 Kan., 104; 18 Cal., 482; 2 Neb., 20.
The Supreme Court of Texas bases its conclusion to this effect upon the view that, in equity, the right of the mortgagor is superior to that of the mortgagee; that the mortgage is an incident of the debt; that the statute bars the debt; the abolition of the distinction between suits in equity and actions at law, and that it was never intended that the mortgagee should recover in ejectment. The principal ground upon which the conclusion is based is that the debt is gone when the remedy for its collection is barred. This is an error which that court has itself recognized in another case, (33 Tex., 745,) where it is properly held that "the limitation laws of the State of Texas affect the remedy only.”
This is the doctrine announced by Lord Eldon and repeated by Chief Justice Marshall. In the case Spears vs. Hartly, 3 Esp., 81, Lord Eldon, speaking of the operation of the statute of limitations, says: "The debt was not discharged, it was the remedy only;” and Chief Justice Marshall, in the case of Sturges vs. Crowninshield, 4 Wheat., *164 297, says:, “Statutes of limitations relate to the remedies which are furnished in the courts.” See also 9 How., 407.
The statute 'of limitations of California, while in some respects it is similar to the statute of this State, makes no distinction in the limitation to .actions founded upon instruments of writing under seal, and the limitation to actions founded upon instruments of writing not under seal. This is also true of the statute of Nebraska, the limitation there •is to actions upon “-a specialty or any agreement, contract or promise .in writing.” In Kansas, the limitation is to an action upon a specialty or any agreement, contract or promise in writing, and the Supreme Court of that State, when attention- was called to those English and American cases differing from the conclusions reached by it as to the operation of the statute of limitations, says that “in England and the States referred to a limitation different from that prescribed for simple contracts in writing was prescribed for specialties.” 2 Kan., 390.
"We find opposed to the conclusions reached in these cases in the Supreme Courts of Texas, Kansas and California, decisions in Maine, 65 Maine, 199, 26 Maine, 330; in Vermont, 25 Vmt., 324; in Massachusetts, 19 Pick., 535, 8 Met., 24, 4 Cush., 487, 8 Allen, 278; in Maryland, 4 Mar. Chy., 262, 1 Bland Chy., 282; in Michigan, 11 Mich., 265; in Connecticut, 11 Conn., 160; in Wisconsin, 20 Wis., 680; in Georgia, 8 Ga., 326; in Alabama, 1 Ala., 742; in Mississippi, 2 S. & M., 697, 37 Miss., 585, 32 Miss., 212; in Missouri, 61 Mo., 50; in Nevada, 1 Nev., 621, 2 Ib., 265, 9 Ib., 208; in Ohio, 11 Ohio Stale, 46; in New York, 7 Paige, 465, and in Oregon, 5 Oregon, 130.
The case of Dearman vs. Wyche, 9 Sim., 572, which has been called to our attention, presents the case of a plea of the statute of limitations under 3 and 4 Will. 4, chap. 27, sec. 40. The language of that statute is essentially different from the limitation prescribed in our statute, and I am unable to see its application to the case at bar. The law before this statute (chapter 27) is stated in 2 Hare, 341, to have “enabled a creditor to enforce a lien where his debt as against the person is barred by the statute of limitations.”
Entertaining these views, we think there was error in the action of the court, sustaining the plea of the statute in this case.
The decree is reversed and the case will be remanded for further proceedings.