TERRI NEE, APPELLANT, *v.* L. C. SMITH, INC., A NEVADA CORPORATION, RESPONDENT.

FREDERICK C. BERGER, STEWART S. SEGAL, MARGARET SEGAL, JOHN ROBERT WILLIAMS AND FAE CLAUDETTE WILLIAMS, STEWART TITLE INSURANCE OF NEVADA, A NEVADA CORPORATION, RESPONDENTS AND CROSS-APPELLANTS, *v.* TERRI NEE, CROSS-RESPONDENT.

No. 10956

February 23, 1981                    624 P.2d 4

*Snyder & Meyers,* Las Vegas, for Appellant and Cross-respondent Nee.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondents and Cross-appellants.

## OPINION

By the Court, GUNDERSON, C. J.:

This appeal and cross-appeal arise from an action seeking a declaratory judgment and foreclosure of an agreement alleged to be a mortgage. In this matter the district court (1) declared an agreement between appellant Nee and respondent L. C. Smith, Inc. to be a valid mortgage, (2) determined the note

secured by the mortgage to be usurious, and, (3) permitted appellant Nee to foreclose against three properties secured by the mortgage which respondent L. C. Smith, Inc., had sold without obtaining releases.

Appellant Nee contends the trial court erred in determining that the original note was usurious, and that consequently she was entitled to only a $35,000.00 judgment. Cross-appellants Frederick Berger, Stewart S. Segal, Margaret Segal, John Robert Williams, and Fae Claudette Williams are the individuals who purchased lots from respondent L. C. Smith, Inc., without releases. Cross-appellant Stewart Title Insurance Company of Nevada served as an escrow agent in these land sales. These cross-appellants, defendants below, contend the trial court erred in declaring the agreement in question to be a mortgage, and in permitting foreclosure on the properties referred to therein.

There is little dispute as to the facts. It appears appellant Nee loaned respondent L. C. Smith, Inc., $40,000.00 on January 22, 1973, upon the representation that the money would be used as a down payment for land and as "seed money" for a project to be known as Sunrise Mountain Executive Village. Respondent L. C. Smith, Inc., then gave appellant an unsecured note in the sum of $60,000.00, payable in six months. On April 6, Dominion Mortgage Company loaned said respondent sums of money secured by a deed of trust for the further development of the project. On April 12, Dominion Mortgage assigned its note and security to Valley Bank of Nevada.

By August, appellant Nee had been repaid only $5,000.00. Hence, on November 20, appellant Nee recorded a claim of lien against the project. On November 30, the parties executed an agreement whereby respondent L. C. Smith, Inc., mortgaged the real property which is the subject matter of this litigation to secure the remaining $55,000.00 indebtedness. A copy of this document was served on cross-appellant Stewart Title on December 3, and recorded with the County Recorder on December 24.[1] Stewart Title acknowledged appellant Nee as "mortgagee," and the November 30 agreement as an "Agreement Mortgage," in documents introduced in evidence at the trial below.

Important provisions in this agreement for purposes of this appeal include the following:

---

[1]Defendant's Exhibit D, a copy of the agreement, indicates that the agreement was first recorded as No. 343592 in Book 384 on November 30, 1973. However, the trial court in its findings of fact and conclusions of law cited a December 24, 1973 re-recording of the document as being its official date of recordation.

WHEREAS, Nee has heretofore loaned to Smith the sum of $40,000.00, which loan has not been paid as of its due date, and is now past due; and

WHEREAS, an unsecured note for the said loan was previously executed by Smith to Nee; and

WHEREAS, Smith is willing to pay to Nee the total sum of $55,000.00; and

WHEREAS, Smith is obligated to pay to Dominion Mortgage Co. 100% of the sales proceeds from the first ten (10) closings of escrows on sales of said residences in the subdivision hereafter described, and 97½% of the sales proceeds on the subsequent closings of escrows on sales of said residences until Smith's obligation to Dominion Mortgage Co. is satisfied; and

WHEREAS, Smith because of the foregoing is willing to secure the obligation on the basis as is hereinafter provided,

NOW, THEREFORE, in consideration of the mutual promises, covenants and conditions herein contained, and Nee's agreement to release the lien as hereafter provided and forbear from filing suit on the existing obligation, it is hereby agreed as follows:

1. Smith shall, on or before December 1, 1974, pay to Nee the sum of $55,000.00.

2. Nee shall accept said $55,000.00 as full payment and satisfaction of all monies and sums and debts owing to Nee by Smith save and except for real estate commissions due and to become due from Smith to Nee.

3. Upon execution of this Agreement by the parties hereto, Nee shall execute a RELEASE OF LIEN of that certain NOTICE OF CLAIM OF LIEN filed by Nee in the County Recorder's Office on November 20, 1973 as Instrument No. 341014, in Book 382 of the Clark County Recorder's Office.

4. Smith owns the following real property in the County of Clark, State of Nevada, presently being developed by Smith as a residential subdivision, the proceeds of the referred to loan herein having been used in the development of said real property:

"Lots One (1) through Sixteen (16), inclusive in Block One (1); Lots One (1) through Nine (9) inclusive in Block Two (2); Lots One (1) through Eight (8) inclusive in Block Three (3) and Lot (A), all being in SUNRISE MOUNTAIN EXECUTIVE VILLAGE, as shown by map thereof on file in Book 15 of Plats,

Page 69, in the Office of the County Recorder of Clark County, Nevada.

5. Smith hereby mortgages as security for the obligations of Smith to Nee under this Agreement the real property legally described in paragraph 4 above, with the express understanding, however, that this Agreement and security shall be subordinate to the existing note, deed of trust and all indebtedness due by Smith to Dominion Mortgage Co., who holds a first deed of trust against said real property. Smith shall pay the obligation to Nee as follows: Commencing with the twenty-ninth closing of escrow on the sale of residences in the subdivision legally described above, escrow shall cause to be paid to Nee, on each closing, the sum of $10,500.00, which payment in said amount shall continue through the thirty-third closing of escrow on the above described real property. Smith represents that other than one closing handled by Title Insurance and Trust Company, all other escrows have been and will be handled by Stewart Title Guaranty Company, and accordingly, a copy of this Agreement will be deposited with Stewart Title Guaranty Company and upon delivery thereof Stewart Title Guaranty Company will be deemed to have been instructed by Smith to disburse the proceeds as in this paragraph provided.

Respondent L. C. Smith, Inc., breached its obligation to Valley Bank, and on February 15, 1974, Valley Bank recorded a notice of breach and election to sell. On November 11, 1974, Valley Bank foreclosed on the unsold lots. After recordation of the November 30, 1973 "Agreement Mortgage," but before the foreclosure by Valley Bank, respondent L. C. Smith, Inc., conveyed several lots to purchasers, no one of whom received releases from appellant Nee. Appellant Nee then brought the action below to have her agreement with respondent L. C. Smith, Inc., declared to be a mortgage, and to obtain a judgment permitting her to foreclose on lots sold to the individual cross-appellants.

In its amended conclusions of law, the trial court determined that (1) the agreement recorded on December 24, 1973 is a valid mortgage; (2) respondent L. C. Smith, Inc., is in default in its obligations under the mortgage agreement, to pay appellant Nee $35,000; (3) said respondent's $60,000.00 note to appellant Nee is usurious on its face and, therefore, she can recover no interest thereunder; (4) the $5,000.00 paid by respondent should be credited against the unpaid principal of $40,000.00;

and (5) appellant Nee is entitled to foreclose against three of the properties sold by respondent L. C. Smith, Inc., between December 24, 1973 and November 11, 1974 (the date of Valley Bank's foreclosure sale).

# I

## Appellant's Assignment of Error

Appellant Nee contends the court erred by giving credence to the assertion that the original note given to her by L. C. Smith, Inc., was usurious. We agree.

Usury is a personal defense and may be asserted only by a party to the usurious transaction or his privy. Langson v. Nevada Savings & Loan, 93 Nev. 24, 25, 559 P.2d 396 (1977). Hence, a trial court's recognition of a usury defense raised by a nonparty, or nonprivy of a party, constitutes reversible error.

In the instant matter, appellant Nee and L. C. Smith, Inc., were the only parties to the alleged usurious transaction. L. C. Smith, Inc., did not raise the defense of usury in its answer to the complaint filed by appellant Nee. Nor did L. C. Smith, Inc., appear at trial to defend against the claims made concerning it.

In the instant matter, the issue of usury was raised as a counterclaim by the cross-appellants, *i.e.,* purchasers of lots, and by title insurance companies and financial institutions involved in the sales transactions. None of these was a privy of L. C. Smith, Inc., as to any claim of usury the latter might have raised against appellant Nee. It was therefore error for the trial court to consider this issue. *See Langson, supra.*

# II

## Cross-Appellants' Assignment of Error

Cross-appellants contend that the agreement executed between L. C. Smith, Inc., and Mrs. Nee was not a mortgage but an assignment of funds. Alternatively, cross-appellants argue that, if the agreement was a mortgage, by its terms Mrs. Nee assigned away her interest in all property which is the subject matter of the instant litigation. In making these arguments, cross-appellants contend that the language of the agreement itself compels the conclusions they proffer.

A mortgage is usually considered to be a nominal conveyance, held in abeyance, of certain property as a security for

the payment of a certain debt.[2] Henry v. Confidence Mining Co., 1 Nev. 619, 622 (1866). If the parties intend to create a mortgage, no particular form of instrument or words is necessary to create an equitable mortgage. Flyge v. Flynn, 63 Nev. 201, 224, 166 P.2d 539 (1946).

By its terms, the agreement unambiguously indicates the parties' intent to create a mortgage.[3] The trial court, therefore, did not err in concluding that Mrs. Nee could foreclose on the properties of the cross-appellants which are covered by the mortgage.

Accordingly, that part of the judgment which decrees the original note to appellant Nee to be usurious, and that consequently appellant Nee is entitled only to $35,000.00 rather than to $55,000.00, is hereby reversed. The trial court is instructed to enter judgment against L. C. Smith, Inc., in the amount of $55,000.00, together with costs of $231.00. In all other respects, the judgment of the trial court is affirmed.

MANOUKIAN, BATJER, and MOWBRAY, JJ., and FONDI, D J.,[4] concur.

---

[2]By NRS 40.050, "A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to take possession of the real property without a foreclosure and sale."

[3]Paragraph 5 of the agreement says, "Smith hereby mortgages as security for the obligations of Smith to Nee under this Agreement the real property legally described in paragraph 4 above [the property described in ¶4 includes the lots of the cross-appellants which the court determined were encumbered by the mortgage and subject to foreclosure], with the express understanding, however, that this Agreement and security shall be subordinate to the existing note, deed of trust and all indebtedness due by Smith to Dominion Mortgage Co., who holds a first deed of trust against said real property."

[4]The Governor designated The Honorable Michael E. Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art. 6, § 4.