IN THE SUPREME COURT OF THE STATE OF NEVADA

HERBERT S. PENROSE,
Appellant,
vs.
QUALITY LOAN SERVICE CORPORATION;
NATIONSTAR MORTGAGE, LLC; BANK OF
AMERICA, N.A.; SELECT PORTFOLIO
SERVICING, INC.; TINA MARTIN; AND
U.S. BANK NATIONAL ASSOCIATION,
Respondents.

No. 68946

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND VACATING IN PART

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's action. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing de novo a district court NRCP 12(b)(5) dismissal). Specifically, at the time when appellant filed his complaint, there was no set of facts that appellant could have established under which Nationstar Mortgage would have been time-barred from foreclosing on the subject property. *See id.*; *Henry v. Confidence Gold & Silver Mining Co.*, 1 Nev. 619, 621-22 (1865) (recognizing that a mortgagee may seek to nonjudicially foreclose on secured property even if an action on the secured debt would be time-barred); *cf. Miller v. Provost*, 33 Cal. Rptr. 2d 288, 289-90 (Ct. App. 1994) (observing that this rule is "based on the equitable principle that a mortgagor of real property cannot, without paying his debt, quiet his title against his mortgagee"). Additionally, we disagree with appellant's argument regarding Nationstar's purported lack of standing based on the "broken" chain of assignments. While either the

16-11874

third or fourth assignment may have been unnecessary to complete Nationstar's chain of title, we are not persuaded that the existence of a superfluous assignment somehow destroys Nationstar's chain of title. Accordingly, we affirm the district court's dismissal of appellant's action.[1]

We conclude, however, that the district court abused its discretion when it imposed a filing restriction against appellant without making "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 61-62, 110 P.3d 30, 43-44 (2005) (quotation omitted). Accordingly, we vacate the portion of the challenged order that imposed a filing restriction against appellant.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. Patrick Flanagan, District Judge
     Herbert S. Penrose
     Wright, Finlay & Zak, LLP/Las Vegas
     Malcolm Cisneros
     McCarthy & Holthus, LLP/Las Vegas
     Akerman LLP/Las Vegas
     Washoe District Court Clerk

---

[1]We have considered appellant's remaining arguments regarding the dismissal of his action and conclude that those arguments do not warrant reversal of that portion of the challenged order.