# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARL F. PIAZZA,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CITIGROUP
MORTGAGE LOAN TRUST INC.
ASSET-BACKED PASS-THROUGH
CERTIFICATION, SERIES 2006-FX1,
Respondent.

No. 70628

**FILED**

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

In 2006, appellant Carl Piazza purchased the subject property with a home loan. The loan was memorialized in a promissory note which was secured by a deed of trust.

In 2009, CitiMortgage acquired the note and deed of trust from the initial servicer. Later the same year CitiMortgage recorded a notice of breach and default to cause the sale of the property due to Piazza's failure to make loan payments. After the parties were unsuccessful in foreclosure mediation, the district court granted CitiMortgage's petition for judicial review. We reversed the district court's order, however, because the district court did not review whether the assignments to CitiMortgage were in strict compliance with all applicable statutes. *See Piazza v. CitiMortgage, Inc.*, Docket No. 57026 (Order Affirming in Part, Reversing in Part, and Remanding, Jan. 20, 2012).

17-30322

In late 2015, CitiMortgage named respondent U.S. Bank National Association (U.S. Bank) as trustee. In early 2016, U.S. Bank recorded a new notice of default and election to sell under deed of trust.

Piazza filed a complaint seeking declaratory relief to prevent U.S. Bank from selling his home. He presented the legal theory that: (1) home loans are contracts; (2) contracts are subject to a six-year limitation period; (3) the limitation period commenced with the first notice of default in 2009; and (4) the limitation period expired in 2015, before U.S. Bank filed the instant notice of default and election to sell in 2016. Piazza later moved for summary judgment, claiming that the six-year limitation period applied and precluded U.S. Bank from foreclosing on his property. U.S. Bank opposed Piazza's motion and filed a counter-motion to dismiss, claiming that non-judicial foreclosures are not subject to the six-year limitation period.

The district court agreed with U.S. Bank, finding that the six-year limitation was not applicable. The court further found that NRS 106.240 prescribes a ten-year limitation period. Thus, the district court granted U.S. Bank's motion to dismiss, thereby denying Piazza's motion for summary judgment, because the entire debt became due less than ten years before U.S. Bank filed its instant notice of default and election to sell. This appeal followed.

## DISCUSSION

*Standards of Review*

We rigorously review orders granting NRCP 12(b)(5) motions to dismiss on appeal, presume all alleged facts in the complaint to be true and draw all inferences in favor of the plaintiff. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008). Dismissing a complaint is appropriate "only if it appears beyond a doubt that [the

SUPREME COURT
OF
NEVADA

(O) 1947A

plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief." *Id.* at 228, 181 P.3d at 672. We review legal conclusions de novo. *Id.*

We review a district court's order granting or denying summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper only if the "pleadings and other evidence on file demonstrate that no genuine issue of material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

*Statutes of limitations apply only to judicial actions, and a non-judicial foreclosure is not a judicial action.*

Piazza argues that because foreclosure is a remedy provided for in a mortgage contract, NRS 11.190(1)(b)'s six-year statute of limitations applies. U.S. Bank argues that non-judicial foreclosures are not actions upon which a NRS 11.190's statute of limitations may apply. We agree with U.S. Bank.

NRS Chapter 11 applies to civil actions commenced in a court of law. *See* NRS 11.010. Consistent with the rest of NRS Chapter 11, NRS 11.190(1)(b) provides that, "*[A]ctions* other than those for the recovery of real property . . . may only be commenced as follows: . . . [w]ithin 6 years: . . . [for] [a]n action upon a contract, obligation or liability founded upon an instrument in writing." (Emphasis added.) Civil actions are commenced when a party files a complaint with a court. NRCP 3.

Home loans contain two separate parts: the promissory note and the deed of trust. *Edelstein v. Bank of N. Y. Mellon*, 128 Nev. 505, 512, 286 P.3d 249, 254 (2012). The deed of trust is a lien on the property to

secure the debt under the promissory note. *Id.* "When the grantor defaults on the note, the deed-of-trust beneficiary can select the judicial process for foreclosure pursuant to NRS 40.430 or the 'nonjudicial' foreclosure-by-trustee's sale procedure under NRS Chapter 107." *Id.* at 513, 286 P.3d at 254.

Since our first published volume, we have held that the mere fact that the statute of limitations has expired for contractual remedies on a note does not bar foreclosure on a deed of trust. *Henry v. Confidence Gold & Silver Mining Co.*, 1 Nev. 619, 621 (1865); *see also El Ranco, Inc. v. N. Y. Meat & Provision Co.*, 88 Nev. 111, 115-16, 493 P.2d 1318, 1321 (1972) ("This court has long recognized that separate sections of the statute of limitations can be applicable to a given business transaction."), *disagreed with on other grounds by State v. Am. Bankers Ins. Co.*, 105 Nev. 692, 696, 782 P.2d 1316, 1318 (1989). "An action upon [a] note may be barred by one clause of the statute and a proceeding to foreclose the mortgage by another." *Henry*, 1 Nev. at 621. "[I]f land is mortgaged to secure the payment of a promissory note . . . after an action at law on the note is barred by the statute of limitation, the [lienholder] may maintain his action of ejectment for the land mortgaged." *Id.* at 622.

We have recently reaffirmed our holding from *Henry*. *See Penrose v. Quality Loan Serv. Corp.*, Docket No. 68946, at *1 (Order Affirming in Part and Vacating in Part, Apr. 15, 2016). Specifically, this court wrote:

> Having considered the parties' arguments and the record, we conclude that the district court properly dismissed appellant's action. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing de novo a district court NRCP 12(b)(5) dismissal). Specifically, at the

time when appellant filed his complaint, there was no set of facts that appellant could have established under which Nationstar Mortgage would have been time-barred from foreclosing on the subject property. *See id.*; *Henry v. Confidence Gold & Silver Mining Co.*, 1 Nev. 619, 621-22 (1865) (recognizing that a mortgagee may seek to nonjudicially foreclose on secured property even if an action on the secured debt would be time-barred); *cf. Miller v. Provost*, 33 Cal. Rptr. 2d 288, 289-90 (Ct. App. 1994) (observing that this rule is "based on the equitable principle that a mortgagor of real property cannot, without paying his debt, quiet his title against his mortgagee").

*Id.*

U.S. Bank may be barred from seeking a breach of contract[1] action against Piazza at this point; however, Nevada law is clear that NRS 11.190(1)(b)'s six-year limitation period does not bar U.S. Bank from seeking a non-judicial foreclosure. A non-judicial foreclosure does not commence by filing a complaint with a court. Thus, non-judicial foreclosures are not judicial actions. NRS 11.190(1)(b), however, only applies to judicial actions. Therefore, we affirm the district court's order to dismiss the complaint.[2]

---

[1]This particular issue is not before us in this appeal.

[2]The district court found that in 2009, a ten-year window commenced after which U.S. Bank's lien would expire pursuant to NRS 106.240. Because said window, if applicable, cannot have closed yet, we need not render any decision as to this issue.

## CONCLUSION

Because NRS 11.190(1)(b) applies to judicial actions and a non-judicial foreclosure is not a judicial action, we conclude that the district court properly denied Piazza's motions for summary judgment and dismissed his complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Linda Marie Bell, District Judge
Janet Trost, Settlement Judge
Hafter Law
Aldridge Pite, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A